UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN O'BRIEN,

    Plaintiff,

v.

                        Case No. 3:21-cv-351-BJD-MCR

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____

## ORDER

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1).[1] Plaintiff names as Defendants (1) Mark Inch, Secretary, Florida Department of Corrections (FDOC); (2) Centurion, contracted medical provider for the FDOC; (3) Corizon, contracted medical provider for the FDOC; and (4) Sergeant Patty Davis. Id. at 2-3.

Plaintiff alleges he "was denied competent, proper[,] timely medical care and treatment, as guaranteed by the U.S. Constitution to prisoners and confined[] persons, specifically inmate prisoners placed in solitary,

---

[1] Plaintiff originally filed the Complaint as his "amended complaint" in Case No.: 3:20-cv-1328-BJD-JBT. However, because the Court previously dismissed that case without prejudice and closed the file, the Court directed that the Complaint be filed in a newly opened case (this case). See O'Brien v. Davis, et al., 3:20-cv-1328-BJD-JBT (Doc. 9).

administrative, disciplinary segregation with known already diagnosed conditions." Id. at 4. He alleges that on November 15, 2018, Defendant Davis and Officer Johnson placed him in administrative confinement status. Id. at 4. Liberally read, Plaintiff argues that before placing him in administrative confinement, prison officials were required to conduct a "pre-confinement medical evaluation" on Plaintiff but they failed to do so. Id. Plaintiff further alleges that after being placed in confinement, he was "denied access to medication(s) and opportunity to acquire the medication(s) that had been prescribed for treatment of a possible life threatening cancer and caused the disease to be aggravated, infected, and increased the threat of the disease and likelihood, possibility of death to the Plaintiff from the cancer." Id. at 5. He states that "a catheter was temporarily used to relie[ve] the extreme, excruciating pain, emotional, physical and mental distress and suffering associated with the unconstitutional denial of proper, timely, competent medical care and treatment." Id. He argues that he was ultimately "required to have emergency surgery requiring the removal of [his] prost[]ate which otherwise may have been saved by treatment of the prescribed medications that were denied, withheld, refused, and rejected or declined access." Id. As relief, Plaintiff requests that the Court "issue [an] order for all defendants to be properly trained in the protocol of handling" an inmate's medication. Id. He also requests $50,000 for emotional distress. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty

3

of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Liberally read, Plaintiff claims that Defendant Davis violated his Eighth Amendment right to be free from cruel and unusual punishment when she acted with deliberate indifference by failing to ensure that Plaintiff underwent a "pre-confinement medical evaluation" and failing to ensure he received his medication after his placement in confinement. However, deliberate indifference requires "three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted); see Patel v. Lanier Cnty., 969 F.3d 1173, 1188-89 & n.10 (11th Cir. 2020) (recognizing "a tension within [Eleventh Circuit] precedent regarding the minimum standard for culpability under the deliberate-indifference

standard," as some cases have used "more than gross negligence" while others have used "more than mere negligence"; finding, however, that it may be "a distinction without a difference" because "no matter how serious the negligence, conduct that can't fairly be characterized as reckless won't meet the Supreme Court's standard" (citations omitted)). Plaintiff has failed to allege facts suggesting that Davis knew of a substantial risk of serious harm and disregarded that risk. See Stone v. Hendry, 785 F. App'x 763, 768 (11th Cir. 2019) ("Subjective knowledge cannot be shown by demonstrating that an officer deviated from standard policy, or even that he was grossly unreasonable in his actions."). Simply violating a protocol or procedure, without more, does not give rise to a deliberate indifference claim. See Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."). Rather, at most, Plaintiff's allegations suggest Davis may have been negligent, but negligence does not amount to a constitutional violation.

As to Defendants Inch, Corizon, and Centurion, Plaintiff attempts to hold these Defendants liable based on supervisory liability. However, supervisory liability has been rejected as a theory of recovery under 42 U.S.C. § 1983. Although personal participation is not specifically required for liability under § 1983, there must be a causal connection between the defendant named and the injury sustained. Here, Plaintiff does not allege that Inch, Corizon, or

5

Centurion were personally responsible for ensuring Plaintiff underwent a "pre-confinement medical evaluation" or that they personally participated in withholding his medication while in confinement. He also does not allege facts suggesting a causal connection between any action or inaction attributable to Inch, Corizon, or Centurion and Plaintiff's alleged injury. Nor does he allege that Inch, Corizon, or Centurion knew of a need to train their subordinates and failed to do so. Indeed, Plaintiff seems to suggest that there is a policy on how to handle an inmate's medication, but Davis or other unnamed prison officials failed to follow that policy.

In light of the foregoing, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of May, 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
C: Kevin O'Brien, #295602